Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA AT FAIRBANKS**

| | |
|---|---|
| ESTATE OF COBI ALDOUS, By Its Personal Representative AMY ALDOUS, AMY ALDOUS Individually on Behalf of Her Minor Children, F.A. and T.A., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; EUROCOPTER S.A.; AMERICAN EUROCOPTER, a wholly owned subsidiary of EADS NORTH AMERICA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**

COME NOW the plaintiffs, AMY ALDOUS individually and as Personal Representative of the Estate of Cobi Aldous; F.A. and T.A., minor children; by and through their counsel, CHOATE LAW FIRM LLC, and for causes of action against the defendant allege as follows:

**GENERAL ALLEGATIONS**

1. Cobi Aldous, ("decedent") was killed in a helicopter crash on August 21, 2006 approximately 20 miles west of Nuiqsut, Alaska.. He is survived by his wife, AMY ALDOUS and minor children: F. A. (DOB: X/X/92); and T.A. (DOB: X/X/96). At the time of the fatal

crash, the Aldous family lived in Las Vegas, Nevada; After Cobi's death, they returned to live near Amy's parents in Massachusetts and currently reside there.

2. UNITED STATES GEOLOGICAL SURVEY ("USGS") is a federal governmental agency with its principal place of business in Reston, Virginia; and does business in the State of Alaska.

3. BUREAU OF LAND MANAGEMENT (BLM), is a federal governmental agency; and does business in the State of Alaska.

4. EUROCOPTER S.A.("EUROCOPTER) was and is a French Corporation, authorized to do business in Alaska.

5. EUROCOPTER, designed, machined, manufactured, assembled, supplied, imported, distributed and/or sold the subject helicopter, an AS350 B2 "A-Star", in the course of its business.

6. AMERICAN EUROCOPTER CORPORATION, a wholly owned subsidiary of EADS NORTH AMERICA, INC. company, were and are Delaware Corporations, authorized to do business in Alaska.

7. AMERICAN EUROCOPTER, designed, machined, manufactured, assembled, supplied, imported, distributed and/or sold the subject helicopter, an AS350 B2 AStar, in the course of its business.

8. AMY ALDOUS is the widow of Cobi Aldous and the duly appointed Special Administrator for his estate.

9. At the time of decedent's death, he was employed as a helicopter pilot with Prism Helicopters, Inc

10. At all times relevant, the subject helicopter was owned by Prism Helicopters and operated under contract to the U.S. Government BLM'S Fairbanks District Office, as a public use flight under Title 14, CFT Part 91.

11. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §1332. The amount in controversy is in excess of $75,000 exclusive of interests and costs.

12. All jurisdictional prerequisites to bringing this action have been satisfied in accordance with the Federal Tort Claims Act §2675(a). On August 18, 2008, Plaintiffs filed Standard Form 95, Claim for Damage, Injury or Death with the United States Geological Survey (USGS) and the Bureau of Land Management (BLM). Said claims were denied on March 6, 2009.

## FIRST CAUSE OF ACTION
### Wrongful Death

13. Plaintiffs re-allege paragraphs 1-12 above as if fully set forth herein.

14. On or about August 21, 2006 at about 7:00 p.m., Cobi Aldous was ferrying equipment and supplies in AS350 B2 "A-Star" helicopter using swing loads. He was flying between an oil well site and a U.S. Geological Survey camp at the Inigok airstrip when the helicopter crashed resulting in his death.

15. Decedent's death was proximately caused by the negligence of BLM and U.S. GEOLOGICAL employees, contractors and or representatives' improper loading and securing of the materials in the sling such that the load to become entangled with the tail boom in flight causing the helicopter to crash.

16. Decedent's death was proximately caused by the negligence of EUROCOPTER, S.A., including but not limited to the following:

    a. The subject helicopter, at the time of its design, manufacture, assembly and sale was then in a defective condition and unreasonably dangerous for its intended use, or for any use the defendant could have reasonably foreseen;

    b. Eurocopter S.A. failed to use that degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of helicopters would use under the same or similar circumstances;

    c. Eurocopter S.A. knew or by using ordinary care should have know of the potential dangerous condition as was created by its failure to properly design, machine, manufacture, and sell safe helicopters and take such action as to correct the dangerous condition; and

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

    d. Eurocopter S.A. failed to warn sellers, owners, operators and maintenance facilities of the potential dangerous condition.

17. Decedent's death was proximately caused by the negligence of defendant, AMERICAN EUROCOPTER, including but not limited to the following:

    a. The subject helicopter, at the time of its design, manufacture, assembly and sale was then in a defective condition and unreasonably dangerous for its intended use, or for any use the defendant could have reasonably foreseen;

    b. American Eurocopter failed to use that degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of helicopters would use under the same or similar circumstances;

    c. American Eurocopter knew or by using ordinary care should have known of the potential dangerous condition as was created by its failure to properly design, machine, manufacture, and sell safe helicopters and take such action as to correct the dangerous condition; and

    d. American Eurocopter failed to warn sellers, owners, operators and maintenance facilities of the potential dangerous condition.

18. Decedent's death was proximately caused by the negligence of USGS employees, contractors or representatives due to improper loading and securing of the equipment being transported by Cobi Aldous.

19. Decedent's death was proximately caused by the negligence of BLM employees, contractors or representatives due to improper loading and securing of the equipment being transported by Cobi Aldous.

20. As a result of the negligence and carelessness of the defendants, and each of them, Coby Aldous sustained the following damages:

    a. severe and fatal physical injuries;

    b. emotional distress;

    c. loss of enjoyment of life;

    d. physical impairment;

    e. pain and suffering;

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

21. As a direct and legal result of the aforesaid negligence and carelessness of the defendants, and each of them, and the resulting death of Cobi Aldous, plaintiffs were deprived of the care, comfort, society, companionship, affection and support of decedent, all to their damage in an amount in excess of the minimal jurisdictional limits of this honorable court.

22. As a further direct and legal result of said negligence and carelessness of the defendants, and each of them, and in the death of the decedent, plaintiffs have incurred medical, funeral and burial expenses in an amount to be proven at time of trial.

23. As a further direct and legal result of said negligence and carelessness of the defendants, and each of them, plaintiffs have suffered loss of earnings, the exact amount of said losses to be proven at the time of trial.

## SECOND CAUSE OF ACTION
### Loss of Consortium

24. Plaintiffs' re-allege the allegations in paragraphs 1- 23 above as if fully set forth herein.

25. As a direct and legal result of the negligence and carelessness of the Defendants, Plaintiffs AMY ALDOUS, F.A. and T.A. were deprived of the care, comfort, society, companionship, affection and support of their husband and father, all to their damage in an amount in excess of $100,000.00.

26. As a further direct and legal result of said negligence and carelessness of the Defendants, Plaintiffs AMY ALDOUS, F.A. and T.A. have suffered loss of earnings and support, the exact amount of said losses to be proven at the time of trial.

Plaintiffs requests judgment against the Defendants, UNITED STATES OF AMERICA; EUROCOPTER S.A.; and AMERICAN EUROCOPTER, a wholly owned subsidiary of EADS NORTH AMERICA, INC., for compensation for the losses and harms suffered by the ESTATE OF COBI ALDOUS, AMY ALDOUS, F.A. and T.A. as follows:

1. For the Estate of Cobi Aldous for harm suffered by Cobi Aldous before he died, including pain and suffering;

2. For the Estate of Cobi Aldou for the losses suffered because of his death;

3. For the loss of pecuniary benefits to Amy Aldous, F.A. and T.A. that would have resulted from the continued life of their husband and father, Cobi Aldous;

4. For the loss of contributions for support of Amy Aldous, F.A. and T.A.;

5. For the loss of assistance or services to Amy Aldous, F.A. and T.A.;

6. For loss of consortium;

7. For loss of prospective training and education;

8. For medical and funeral expenses;

9. For such other and further relief as is necessary to compensate the Estate and Amy Aldous, F.A. and T.A. as the statutory beneficiaries of Cobi Aldous for their losses and harms;

10. For Rule 82 attorneys fees and costs at the highest amount allowed by law;

11. For prejudgment and post-judgment interest as provided by law;

12. For punitive and exemplary damages against defendant according to proof as to the non-governmental Defendants;

13. Such other and further relief as this Court deems proper.

DATED Friday, August 28, 2009, at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC


s/*Mark Choate*
_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiffs